UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
COURTNEY SIMON, KEYSHAWN FRANÇOIS,
CHRISTIAN MCKNIGHT, VINCENT PHINIZY
AND MARCUS CREER,

                                                                                14-CV-8391 (JMF)

                       Plaintiffs,              **FIRST AMENDED COMPLAINT**

      -against-

                                                            **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, P.O. ERIC HEALY,
P.O. GREGORY KENNEDY, P.O. EDWIN ESPINEL,
SERGEANT RYAN GILLIS, DETECTIVE VIRGILIO
ESTRADA, "JOHN DOE" #1-10, Individually and in
Their Official Capacities, PARKCHESTER SOUTH
CONDOMINIUM, INC., PARKCHESTER NORTH
CONDOMINIUMS, PARKCHESTER PRESERVATION
MANAGEMENT, LLC., and the PARKCHESTER
DEPARTMENT OF PUBLIC SAFETY, OFFICER
JOHNSON, OFFICERS JOHN ROE #1-10,
Individually and in their official capacities,

                     Defendants.
------------------------------------------------------------------X

        Plaintiffs, COURTNEY SIMON, KEYSHAWN FRANCOIS, CHRISTIAN MCKNIGHT, VINCENT PHINIZY AND MARCUS CREER, by their attorney, DANIEL CRUPAIN, complaining of the Defendants, upon information and belief, respectfully allege as follows:

### PRELIMINARY STATEMENT

        1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, secured by the said statutes and the Constitutions of the State of New York and of the United States.

### JURISDICTION

        2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

3. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), as the District in which the claims arose.

## JURY DEMAND

4. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5. Plaintiffs at all relevant times were residents of the City and State of New York.

6. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and maintains the New York City Police Department, a duly authorized Public Authority and Police Department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

7. At all times hereinafter mentioned, the individually named defendants: P.O. ERIC HEALY, P.O. GREGORY KENNEDY, P.O. EDWIN ESPINEL, SERGEANT RYAN GILLIS, DETECTIVE VIRGILIO ESTRADA and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of the New York City Police Department and were acting under the supervision of the said department and in accordance with their official duties.

8. Defendant, the PARKCHESTER SOUTH CONDOMINIUM, INC., is a corporation duly organized and existing under the laws of the state of New York, and operates and controls a group of buildings and condominiums and other premises located in the county of the Bronx, City and State of New York, in an area known as Parkchester.

9. Defendant, the PARKCHESTER SOUTH CONDOMINIUM, INC., at all times relevant to this action, maintained, supervised and controlled a force of officers authorized by the City of New York to operate as a Special Patrol force and authorized by the State of New York to operate as Peace Officers, the said force is known as and is herein referred to as the PARKCHESTER DEPARTMENT OF PUBLIC SAFETY.

10. PARKCHESTER NORTH CONDOMINIUMS at all time relevant to this action was and is an association of condominiums and operates and controls a group of buildings and condominiums and other premises located in the county of the Bronx, state of New York, in an area known as northern Parkchester, and maintained, supervised and controlled a force of officers authorized by the City of New York to operate as a Special Patrol force and authorized by the State of New York to operate as Peace Officers, the said force is known as and is herein referred to as the PARKCHESTER DEPARTMENT OF PUBLIC SAFETY.

11. PARKCHESTER PRESERVATION MANAGEMENT, LLC is a limited liability company organized and existing under the laws of the state of New York and is the managing agent and operates and controls, a group of buildings and condominiums and other premises located in the county of the Bronx, state of New York, in an area known as Parkchester, and manages, supervises and controls force of officers authorized by the City of New York to operate as a Special Patrol force and authorized by the State of New York to operate as Peace Officers, the said force is known as and is

herein referred to as the PARKCHESTER DEPARTMENT OF PUBLIC SAFETY.

12. Parkchester is an area situated on approximately 121 acres in the county of the Bronx, in the Cit and State of New York, which area encompasses numerous public streets in the county of the Bronx, in the City and State of New York.

13. The officers of the PARKCHESTER DEPARTMENT OF PUBLIC SAFETY including officer JOHNSON, sued herein individually and officially, at all times relevant to this action were authorized by the City of New York to operate as a Special Patrol force and authorized by the State of New York to operate as New York State Peace Officers, and as such were authorized to perform the functions of police officers as per the applicable sections of the New York State Criminal Procedure Law, and routinely policed and patrolled the Parkchester area and the public streets that run through the said area, and engaged in law enforcement activities and police activities in the said area, which included making arrests, and also worked in coordination with the New York City Police Department, particularly the officers of the 43rd precinct in the County of the Bronx, and wore badges and drove patrol cars similar in appearance to the patrol cars driven by the New York City Police Department with flasher lights atop the patrol vehicle roofs and with an insignia on the doors of the patrol vehicles of the same shape and design of the insignia on the doors of the New York City Police Department patrol cars.

14. At all relevant times herein, the officers of the PARKCHESTER DEPARTMENT OF PUBLIC SAFETY, including OFFICER JOHNSON and OFFICERS JOHN ROE #1-10 were acting concert with the officers of the New York City Police Department in a joint operation and were acting under the direction and supervision of, and within the scope of their employment of the defendants: PARKCHESTER SOUTH CONDOMINIUM, INC, and/or PARKCHESTER NORTH

CONDOMINIUMS and the PARKCHESTER PRESERVATION MANAGEMENT, LLC. which defendants supervised controlled and permitted and directed the officers of the PARKCHESTER PUBLIC SAFETY DEPARTMENT to follow a strict policy of policing the public streets in the Parkchester area to maintain an appearance of calm and safety in the public streets that run through the Parkchester area by detaining and arresting people that fit a profile of persons deemed to be undesirable, without regard to actual evidence of criminal activities and with a deliberate indifference to the constitutional rights of such persons including the Plaintiffs herein.

15. At all times hereinafter mentioned, all of the Defendants, either personally, individually or through their employees, were acting under color of state law and in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and the City of New York.

16. Each of the alleged acts of the Defendant members of the New York City Police Department were done by said Defendants while acting within the scope of their employment by Defendant, THE CITY OF NEW YORK and while acting in furtherance of their employment by Defendant, THE CITY OF NEW YORK,

17. The streets of Odell Street and St. Raymond Avenue are public streets located in the area known as Parkchester in the county of the Bronx in the City and State of New York

## FACTS

18. On or about April 10, 2014, at approximately 8:30 PM, officers of the New York City Police Department and officers of the PARKCHESTER PUBLIC SAFETY DEPARTMENT engaged in a joint police operation by stationing a group of officers from both departments at a location in

proximity to the intersection of St. Raymond Avenue and Odell Streets in the County of the Bronx, in the City and State of New York.

19. On or about April 10, 2014, at approximately 8:30 PM, the individually named Plaintiffs, all African American males, were lawfully walking from various directions on the public streets in the vicinity of the said intersection, and were not engaged in the commission of any crimes.

20. On or about April 10, 2014, at approximately 8:30 PM, and thereafter, at the aforesaid location, the officers of the aforesaid joint operation of the New York City Police Department and the Parkchester Department of Public Safety, proceeded to stop the individual Plaintiffs, seize, search, drag, and assault them, and handcuff and arrest them without probable cause; The said officers then placed the handcuffed Plaintiffs into a truck with at least 5 other African American males who were similarly stopped and arrested while walking in the said vicinity.

21. At no time did any of the defendants have probable cause to seize, detain or arrest any of the Plaintiffs, nor was it reasonable for the defendants to believe that such cause existed.

22. At no time did any of the defendant officers, take any steps to intervene in, prevent, or otherwise limit the illegal, unlawful and unconstitutional conduct engaged in by their fellow officers against the Plaintiffs.

23. After the Plaintiffs were placed in the aforesaid trucks they were transported to the 43rd precinct of the New York Police Department where they were put into cells and further imprisoned, and thereafter transported as prisoners to another location and put into other cells in an area known as Central Booking in the County of Bronx, where they were further imprisoned.

24. The Plaintiffs were imprisoned for an undue period of time until a communication from the office of the District Attorney of Bronx County was acted upon by the officials imprisoning them,

said communication stating that the said District Attorney declined to prosecute any of the Plaintiffs, as well as others similarly arrested in the said joint police operation, because there was no evidence that they had committed any crime.

25. As a result of the foregoing, Plaintiffs sustained, *inter alia*, loss of liberty, fear, emotional distress, mental anguish and humiliation, and the deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

26. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of the Individual Defendants, including the Doe and Roe defendants their agents, servants and employees were carried out under color of law.

28. All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as New York City police officers, and by the said individual peace officers of the Parkchester Department of Public Safety with all the actual and apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual New York City Police officer defendants in their capacities as police officers of the New York City Police Department pursuant to the customs, usages, practices, procedures, of the New York City Police Department and rules of THE CITY OF NEW YORK.

7

31. The acts complained of were also carried out by the aforementioned individual Department of Public Safety officer defendants of the in their capacities as special patrol officers and New York State peace officers of the Parkchester Department of Public Safety, all under the supervision of ranking officers of said department and pursuant to the customs, usages, practices, procedures, of, and as employees of the PARKCHESTER PUBLIC SAFETY DEPARTMENT, PARKCHESTER SOUTH CONDOMINIUM,INC, and PARKCHESTER NORTH CONDOMINIUMS, and PARKCHESTER PRESERVATION MANAGEMENT, LLC., and each individual defendant is liable to each Plaintiff for false arrest and false imprisonment.

32. As a result of the foregoing, Plaintiffs sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of their constitutional rights.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. The acts complained of were also carried out by the aforementioned individual defendants in their capacities as special patrol officers and peace officers of the Parkchester Department of Public Safety, all under the supervision of ranking officers of said department and pursuant to the customs, usages, practices, procedures, of, and as employees of the PARKCHESTER PUBLIC SAFETY DEPARTMENT, PARKCHESTER SOUTH CONDOMINIUM, INC, and/or PARKCHESTER NORTH CONDOMINIUMS, and PARKCHESTER PRESERVATION

MANAGEMENT, LLC., and in furtherance of their business and within the scope of their employment.

35..     As a result of the foregoing, the Plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for their safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, and deprived of their constitutional rights..

### THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983

36.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "35" as if fully set forth herein at length.

37.     Defendant police officers of the New York City Police Department as well as the officers of the Parkchester Department of Public Safety had an affirmative duty to intervene to protect the constitutional rights of the Plaintiffs herein from being violated by the other officers in their presence.

38.     Said officers had reason to know that the Plaintiffs' constitutional rights were being violated in their presence and had a realistic opportunity to intervene to prevent same from occurring, but failed to do so.

39.     As a result of the foregoing, Plaintiffs sustained *inter alia*, loss of liberty, emotional distress, fear anguish, humiliation and the deprivation of their constitutional rights.

### FOURTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER MONEL ARISING FROM
### UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. 1983

9

40. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "39" as if the same were fully set forth at length herein.

41. Defendant, THE CITY OF NEW YORK'S individual New York City Police officers arrested and incarcerated Plaintiffs in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

42. The acts complained of were carried out by the aforesaid individual Defendants in their capacities as New York City police officers and officials, with all the actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43. The aforementioned customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department include, but are not limited to, the following unconstitutional practices: arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing

44. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs.

45. The foregoing customs, policies, usages, practices, procedures and rules of THE

CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

46. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiffs as alleged herein.

47. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiffs were incarcerated unlawfully.

48. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs.

49. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

50. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right: a) not to be deprived of liberty without due process of law; b) to be free from seizure and arrest not based upon probable cause; c) to be free from unwarranted and malicious criminal prosecution; d) not to have cruel and unusual punishment imposed upon them; and e) to receive equal protection under the law.

**FIFTH CLAIM FOR RELIEF UNDER THE LAW
OF THE STATE OF NEW YORK AGAINST
PARKCHESTER DEPARTMENT OF PUBLIC SAFETY,
PARKCHESTER SOUTH CONDOMINIUM, INC,
PARKCHESTER NORTH CONDOMINIUMS,
<u>PARKCHESTER PRESERVATION MANAGEMENT, LLC.</u>**

51. Plaintiffs repeat and reallege each and every allegation of paragraphs "1" through 50" of the complaint as if fully set forth herein at length

52. Plaintiffs were intentionally, willfully, maliciously and/or with reckless disregard, of their rights, seized, arrested, and imprisoned by the defendants of the Parkchester Department of Public Safety, acting within the scope of their employment.

53. At no time did the defendants have probable cause, legal justification, or any legal basis for seizing, searching, arresting, detaining and imprisoning Plaintiffs.

54. At no time did the defendants have the right to employ excessive force against the Plaintiffs.

55. Defendants are liable under New York law for falsely arresting, imprisoning, and using excessive force against the Plaintiffs

56. Defendants are liable under the doctrine of *respondeat superior* under New York State law for falsely arresting, falsely imprisoning, and using excessive force against the Plaintiffs.

56. As a result of the foregoing, Plaintiffs sustained *inter alia*, loss of liberty, emotional distress, fear anguish, humiliation and deprivation of their constitutional rights

As a result of the foregoing, Plaintiffs COURTNEY SIMON, KEYSHAWN FRANCOIS, CHRISTIAN MCKNIGHT, VINCENT PHINIZY AND MARCUS CREER, are each entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, Plaintiffs COURTNEY SIMON, KEYSHAWN FRANÇOIS,

CHRISTIAN MCKNIGHT, VINCENT PHINIZY AND MARCUS CREER, each demand judgment against the Defendants in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, and the costs and disbursements of this action.

Dated: New York, New York
      February 5, 2015

BY *(signature)*
DANIEL CRUPAIN (1574)
DANIEL CRUPAIN, ESQ.
Attorney for Plaintiffs
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 529-4000