UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/4/2015
```

-------------------------------------------------------------------X
                        :

COURTNEY SIMON, et al.,                :

                        :

             Plaintiffs,       :       14-CV-8391 (JMF)

                        :

      -v-                     :      MEMORANDUM OPINION

                        :         AND ORDER

CITY OF NEW YORK, et al.,         :

                        :

             Defendants.     :

                        :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

This lawsuit arises out of an incident that occurred in or around Parkchester, an area of

the Bronx, on April 10, 2014.  On that night, Plaintiffs — five African-American men — were

stopped by officers from both the New York City Police Department (the "NYPD") and the

Parkchester Department of Public Safety (the "PPSD"), a private security force.  The officers

allegedly proceeded to "seize, search, drag, and assault" Plaintiffs, and to "arrest them without

probable cause."  (Am. Compl. (Docket No. 26) ¶¶ 11, 12, 20).  Thereafter, Plaintiffs filed this

suit, bringing claims against the City of New York, various NYPD and PPSD officers, and

several entities that allegedly control the PPSD, pursuant to both Title 28, United States Code,

Section 1983 and state law.  Now pending are motions to dismiss the Amended Complaint (the

"Complaint") filed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, by the

PPSD and the entities that allegedly control the PPSD (collectively, the "Parkchester Entities")

as well as PPSD Officers Johnson and John Roe 1 through 10 (together with the Parkchester

Entities, the "Parkchester Defendants" or "Defendants").[1]  Upon review of the parties'

---

[1]      The Parkchester Defendants filed two motions to dismiss (Docket Nos. 35 & 38) — one
listed on the Court's Electronic Case Filing ("ECF") system as on behalf of several of the

cognizable submissions,[2] the motion is GRANTED as to the Parkchester Entities and DENIED as to the other, individual Defendants.

Section 1983 provides a cause of action against any person "who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." In order to state a claim for personal liability under Section 1983, a plaintiff must allege that a defendant, "acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Section 1983, however, imposes personal liability only upon a defendant "who personally subjects, or causes to be subjected any person to the deprivation of his federal rights." *Maitland v. City of N.Y.*, No. 13-CV-2256 (NGG) (CLP), 2014 WL 1427857, at *5 (E.D.N.Y. Apr. 14, 2014) (internal quotation marks omitted). It is well established, therefore, that "personal involvement" on the part of a defendant "is a prerequisite to an award of damages under § 1983." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) (internal quotation

---

Parkchester Entities, and one on behalf of Officer Johnson — but the motions and the accompanying memoranda appear to be, in all material respects, the same.

[2]     In conjunction with their motions to dismiss, Defendants submitted an affidavit from the President of the Board of Directors of one of the Parkchester Entities, Desiree McKay, along with two exhibits. (Decl. Tanya Branch Supp. Def. Parkchester's Mot. To Dismiss (Docket No. 36) ("Branch Decl."), Ex. E ("McKay Aff.").) It is well established, however, that in considering a motion to dismiss for failure to state a claim, a court may consider only "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," along with documents deemed "'integral' to the complaint." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). Because Plaintiffs do not incorporate by reference any of the attached exhibits, and does the Complaint does not "rel[y] heavily upon [any of the documents'] terms and effect," *id.*, the Court will not consider McKay's affidavit and the attached documents — let alone the factual disputes they raise — in evaluating the motions to dismiss. *See, e.g.*, *Doktor v. Werner Co.*, 762 F. Supp. 2d 494, 500 (E.D.N.Y. 2011) (noting that in ruling on a motion to dismiss, a court "may not decide issues of fact such as that presented by [a defendant's] employee affidavit").

marks omitted).  Any complaint that fails to allege the personal involvement of an individual

defendant is "fatally defective on its face" and subject to dismissal. *Alfaro Motors, Inc. v. Ward*,

814 F.2d 883, 886 (2d Cir. 1987) (internal quotation marks omitted).

Applying those standards here, Plaintiffs' Complaint is sufficient to survive the

individual Defendants' motion to dismiss.  In arguing otherwise, the Parkchester Defendants

contend first that the Complaint fails to allege that Officer Johnson and the John Roe Officers

(collectively, the "Parkchester Officers") were acting under color of state law.[3]  But courts have

held that the actions of private security guards constitute state action "when they are given the

authority of state law" or where they are "willful participants in the joint activity of the State or

its agents." *Josey v. Filene's, Inc.*, 187 F. Supp. 2d 9, 16 (D. Conn. 2002) (internal quotation

marks omitted)).  Here, Plaintiffs allege both.  They allege that the Parkchester Officers "were

authorized by the City of New York to operate as a Special Patrol force and authorized by the

State of New York to operate as New York State Peace Officers, and as such were authorized to

perform the functions of police officers as per the applicable sections of the New York State

Criminal Procedure Law."  (Am. Compl. ¶ 13; *see id.* ¶ 31).  They further allege that, pursuant to

a "joint operation" with the New York City Police Department on the night in question, the

Parkchester Officers "proceeded to stop . . . Plaintiffs, seize, search, drag, and assault them, and

handcuff and arrest them without probable cause."  (Am. Compl. ¶¶ 14, 20).  Those allegations

are sufficient for now.  *See, e.g.*, *Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385, 388, 397

---

[3]        The Court notes that Defendants also argue that this alleged failure justifies dismissal of
Plaintiffs' claims for lack of subject-matter jurisdiction. "The inadequacy of a federal claim is
ground for dismissal for lack of subject-matter jurisdiction," however, "only when the claim is so
insubstantial, implausible, foreclosed by prior decisions of the Supreme Court, or otherwise
completely devoid of merit as not to involve a federal controversy."  *S. New England Tel. Co. v.
Global NAPs Inc.*, 624 F.3d 123, 133 (2d Cir. 2010) (internal quotation marks and emphasis
omitted).  Given that the allegations suffice to state a claim, that is plainly not the case here.

(S.D.N.Y. 2006) (finding that the plaintiff had sufficiently alleged state action where the defendant private security guards, designated as special patrolmen, had detained and assaulted him), *aff'd*, 385 F. App'x 38 (2d Cir. 2010) (summary order); *Temple v. Albert*, 719 F. Supp. 265, 266-67 (S.D.N.Y. 1989) (finding that hospital security staff, designated as special patrolmen, were acting under color of state law when they handcuffed and arrested the plaintiff); *Rojas v. Alexander's Dep't Store, Inc.*, 654 F. Supp. 856, 858 (E.D.N.Y. 1986) (holding that a store detective, designated a special patrolman, was acting under color of state law when he arrested the plaintiff); *see also Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 313 (2d Cir. 2003) (noting that a private party acts under color of state law when he or she "operates as a willful participant in joint activity with the State or its agents" (internal quotation marks omitted)).

Defendants' second argument with respect to the Parkchester Officers — that the allegations in the Complaint are not specific enough to pass muster — is closer to the mark, but not enough to justify dismissal at this stage of the proceedings.  Contrary to Defendants' argument, the Complaint does allege the personal involvement of the Parkchester Officers — specifically, that they were members of a joint operation with the NYPD on the night in question (Am. Compl. ¶ 14), and that, as officers involved in that joint operation, they "proceeded to stop the individual Plaintiffs, seize, search, drag, and assault them, and handcuff and arrest them without probable cause" (*id.* ¶ 20).  And while the Complaint could certainly have included more detailed allegations with respect to the role that any individual Parkchester Officer played in the deprivation of Plaintiffs' rights, it adequately pleads the "basics" of a Section 1983 claim and gives each individual Defendant sufficient notice of the claims against him or her.  After all, it alleges that all the Parkchester Defendants participated in Plaintiffs' arrests and that they committed specific acts — including "drag[ging] . . . assault[ing] . . . and handcuff[ing]"

4

Plaintiffs.  *See, e.g.*, *Remy v. NYS Dep't of Taxation & Fin.*, No. 09-CV-4444 (SJF) (AKT), 2010 WL 3925184, at *4, *18 (E.D.N.Y. Aug. 18, 2010) (denying a motion to dismiss where the plaintiff alleged that twelve unnamed court officers "took [him] down on the ground" and "kicked and stomped [him] from behind," finding that his allegations were "sufficient to state a denial of [the plaintiff's] constitutional rights"), *aff'd sub nom. Remy v. New York State Dep't of Taxation & Fin.*, 507 F. App'x 16 (2d Cir. 2013) (summary order); *Langdell v. Marcoux*, No. 08-CV-161 (WKS), 2009 WL 890121, at *4-5 (D. Vt. Mar. 30, 2009) (rejecting the argument that a plaintiff's complaint — alleging that several unnamed deputy sheriffs used excessive force in employing a Taser to effect his arrest — should be dismissed for, among other things, failing to state "what a single Deputy did, [and] what force was used," holding that the plaintiff "offers a factual basis for his claim and offers the defendants fair notice of the allegations against which they must defend").  Accordingly, Defendants' motion is denied to the extent that it seeks dismissal of Plaintiffs' claims against the Parkchester Officers.[4]

By contrast, Defendants' motion is granted to the extent that it seeks dismissal of the claims against the Parkchester Entities.  For one thing, Plaintiffs failed to respond to Defendants' arguments with respect to those claims, so those claims are deemed abandoned.  *See Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 392 (S.D.N.Y. 2013) ("A court may,

---

[4]      In their reply memorandum of law, Defendants argue that Plaintiffs' failure-to-intervene claim against the Parkchester Officers fails because there is no authority for the proposition that private parties have an affirmative duty to intervene in preventing alleged constitutional violations.  *See Phoenix v. Reddish*, 175 F. Supp. 2d 215, 220 (D. Conn. 2001) (noting that there "is no Supreme Court or Second Circuit authority that imposes an affirmative duty on a non-police state actor . . . to intervene to prevent a police officer from conducting an unlawful search and seizure.").  (Reply Mem. Law Supp. Parkchester Defs. Mot. To Dismiss (Docket No. 51) ¶ 5).  Whether or not that is true, the Court declines to consider Defendants' argument as it was raised for the first time in their reply memorandum of law.  *See, e.g.*, *Nwankwo v. Williams*, No. 07-CV-364 (CBA), 2008 WL 4190640, at *3 (E.D.N.Y. Sept. 10, 2008) (noting that "rais[ing] entirely new issues on reply . . . deprives the non-moving party of the opportunity to respond").

and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." (internal quotation marks omitted)); *cf. Jackson v. Federal Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition [to a motion for summary judgment] that relevant claims or defenses that are not defended have been abandoned."). Second, and in any event, it is well established that "[p]rivate employers are not liable under Section 1983 for the constitutional torts of their employees, unless the plaintiff proves that 'action pursuant to official . . . policy of some nature caused a constitutional tort.'" *Rojas*, 924 F.2d at 408-09 (2d Cir. 1990) (quoting *Monell v. Dep't of Social Serv. of the City of New York*, 436 U.S. 658, 691 (1978) (internal citations omitted and emphasis omitted); *Bektic-Marrero v. Goldberg*, 850 F. Supp. 2d 418, 432 (S.D.N.Y. 2012) (same).

Here, Plaintiffs do allege that the individual Defendants acted pursuant to "a strict policy of policing the public streets in the Parkchester area to maintain an appearance of calm and safety . . . by detaining and arresting people that fit a profile of persons deemed to be undesirable, without regard to actual evidence of criminal activities and with a deliberate indifference to the constitutional rights of such persons including the Plaintiffs herein." (Am. Compl. ¶ 14). But they allege no facts to support that conclusory assertion beyond the single incident giving rise to their claims (*id.* ¶ 20), which is insufficient. *See, e.g.*, *Anderson v. City of N.Y.*, 657 F. Supp. 1571, 1574 (S.D.N.Y. 1987) ("Plaintiff[s] cannot infer a policy from the alleged violation of [their] own civil rights."); *see also, e.g.*, *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy."); *see generally Plair v. City of N.Y.*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) (noting that "boilerplate

allegations of unconstitutional policies and practices" are insufficient to survive a motion to dismiss and citing cases).[5]  Accordingly, Plaintiffs' claims against the Parkchester Entities must be and are dismissed.

Accordingly, and for the foregoing reasons, the Court finds that Plaintiffs' claims against the Parkchester Entities fail, but that their claims against the Parkchester Officers survive (if only barely).  The Court notes, however, that if Plaintiffs fail to serve the Parkchester Officers with the Amended Complaint within 120 days — a deadline that is rapidly approaching — the Court may *sua sponte*, or on Defendants' motion, dismiss Plaintiffs' claims against the Parkchester Officers because of failure to serve within the time limit prescribed by Rule 4(m) of the Federal Rules of Civil Procedure.  *See Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010) ("'If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time,'" absent good cause shown for the failure (quoting Fed. R. Civ. P. 4(m))); *Watkins v. Doe*, No. 04-CV-0138 (PKC), 2006 WL 648022, at *3 (S.D.N.Y. Mar. 14, 2006) (dismissing claims against two John Doe defendants pursuant to Rule 4(m)).

The Clerk of Court is directed to terminate the Parkchester Department of Public Safety, Parkchester South Condominium, Inc., Parkchester North Condominiums, and Parkchester

---

[5]      Plaintiffs also allege that they were arrested at the same time as other African-American men.  (Am. Compl. ¶ 20).  But there is no allegation that Defendants lacked probable cause for those arrests and, in any event, even if those other arrests were improper, they appear to have been made by the same officers and were accordingly part of the same overall incident, which would not suffice to establish an official policy.  *See Walker v. Shepard*, 107 F. Supp. 2d 183, 188 (N.D.N.Y. 2000) (dismissing Section 1983 claims by multiple plaintiffs based on a failure to investigate their separate beatings that occurred on the same night, because "one incident is insufficient to establish an unconstitutional custom and practice").

Preservation Management LLC as defendants in this action.  The Clerk of Court is further directed to terminate Docket Nos. 35 and 38.

      SO ORDERED.

Date:  May 4, 2015
       New York, New York

                                        JESSE M. FURMAN
                                United States District Judge