USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/06/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
COURTNEY SIMON, et al., :
:
                              Plaintiffs, :     14-CV-8391 (JMF)
:
      -v- :     MEMORANDUM OPINION
:           AND ORDER
CITY OF NEW YORK, et al., :
:
                              Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On February 10, 2015, Plaintiffs, five African-American men, filed an Amended Complaint (the "Complaint") bringing claims against the City of New York, several officers of the New York City Police Department ("NYPD"), the Parkchester Department of Public Safety ("PPSD"), and several officers and entities affiliated with the PPSD, alleging, *inter alia*, excessive force and false arrest arising out of an incident in which Plaintiffs were detained pursuant to a "joint operation" between the NYPD and the PPSD. (Docket No. 26).

On May 4, 2015, the Court issued a Memorandum Opinion and Order granting in part and denying in part motions to dismiss the Complaint filed by the PPSD and entities that allegedly control the PPSD (together, the "Parkchester Entities"), along with PPSD Officers Johnson and John Roe 1 through 10 (together with the Parkchester Entities, the "Parkchester Defendants" or "Defendants"). *See Simon v. City of N.Y.*, No. 14-CV-8391 (JMF), 2015 WL 2069436, at *3 (S.D.N.Y. May 4, 2015) ("*Simon I*"). Specifically, the Court denied Defendants' motion with respect to the individual Defendants, but granted Defendants' motion with respect to the Parkchester Entities, on the grounds that Plaintiffs had abandoned their claims against the

1

Parkchester Entities by failing to address them in their opposition and, in any event, had failed to plausibly allege the existence of an unconstitutional policy or practice as required for Section 1983 liability.  *See id.* at *2-3.  Plaintiffs now move for "reconsideration" or "modification" of the Court's May 4, 2015 Memorandum Opinion and Order.  They do not challenge the Court's dismissal of their Section 1983 claims against the Parkchester Entities, but only dismissal of their state law claims based on *respondeat superior*.  (Mem. Law Supp. Mot. Reconsideration/Modification Order (Docket No. 68) ("Pls.' Reconsideration Mem.") 1-2).  Upon review of the parties' motion papers, Plaintiffs' motion is denied.

Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."  *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted).  A district court "has broad discretion in determining whether to grant a motion [for reconsideration]."  *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).  Such a motion "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *Medisim*, 2012 WL 1450420, at *1 (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)).  "'The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  It is well established that the rules permitting motions for reconsideration must be

2

"narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt." *United States v. Treacy*, No. 08-CR-0366 (RLC), 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (internal quotation marks omitted).

Applying those standards here, Plaintiffs' motion must be denied. In seeking reconsideration with respect to their state-law claims against the Parkchester Entities, Plaintiffs assert that "[D]efendants' motion papers did not attack the propriety of maintaining a state-law claim in the case." (Pls.' Reconsideration Mem. 2). That assertion, however, is wrong. Defendants unambiguously sought dismissal of *all* claims against "each and every Parkchester defendant." (Mem. Law Supp. Parkchester's Mot. To Dismiss (Docket No. 40) ("Defs.' MTD Mem.") 12; *see id.* at 4 ("[P]laintiffs' claims against every Parkchester defendant should be dismissed"); *see also* Notice of Motion (Docket No. 35)). And in their memorandum of law in support of their motion to dismiss, Defendants explicitly referenced Plaintiffs' "Fifth Claim for Relief" — the state-law claim against the Parkchester Entities that Plaintiffs now seek to revive (Am. Compl. ¶¶ 51-56; Pls.' Reconsideration Mem. 2) — and argued that the claims for "Respondeat Superior as to Parkchester South/PPSD as Employers" should be "dismiss[ed] . . . as to all Parkchester entities for failure to state a claim." (Defs.' MTD Mem. 9-10). Although the discussion in Defendants' memorandum otherwise focused on Section 1983, those references put Plaintiffs on notice that Defendants were seeking dismissal of their state-law claims against the Parkchester Entities. It follows that, whether or not Defendants' arguments had merit, it was Plaintiffs' obligation to address the issue, on pain of their claim being deemed abandoned. *See Moccio v. Cornell Univ.*, No. 09-CV-3601 (GEL), 2009 WL 2176626, at *4 (S.D.N.Y. July 21, 2009) ("Whatever the merit of [the defendants'] argument [for dismissal], plaintiff has abandoned the . . . claim, as her motion papers fail to contest or otherwise respond to [the]

3

defendants' contention."), *aff'd*, 526 F. App'x 124 (2d Cir. 2013); *deVere Grp. GmbH v. Opinion Corp.*, 877 F. Supp. 2d 67, 70 (E.D.N.Y. 2012) (deeming two causes of action abandoned because the "defendants move to dismiss [the plaintiff's] complaint in its entirety" and the plaintiff did not address those causes of action in opposing the defendants' motion to dismiss, despite the fact that the defendants had not discussed the elements of these two claims); *cf. Jackson v. Federal Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition [to a motion for summary judgment] that relevant claims or defenses that are not defended have been abandoned.").

  Despite that obligation, Plaintiffs' memorandum failed to address Defendants' argument for dismissal of their fifth cause of action; in fact, it failed to mention Plaintiffs' state-law claims at all.  (*See, e.g.*, Pls.' Mem. Law Opp'n Parkchester Defs.' Mot. To Dismiss (Docket No. 49) ("Pls.' MTD Mem.") 3 ("These pleaded allegations, alone, suffice to adequately plead that the Parkchester defendants violated the civil rights of the plaintiffs, giving rise to *[Section] 1983 liability*" (emphasis added)); *id.* at 4-6 (arguing that the Parkchester officers were acting under color of state law, as required for Section 1983 liability); *id.* at 8 (arguing that the Complaint's allegations with respect to the Parkchester officers "suffice to adequately plead sufficient acts which state a clear claim for relief under *[Section] 1983*" (emphasis added)); *id.* at 9-10 (arguing that the claims against two Parkchester Entities should not be dismissed because of a change in name of the entities that controlled PPSD — an argument the Court did not consider, as Defendants raised it through the submission of documents extrinsic to the Complaint, *see Simon I*, 2015 WL 2069436, at *1 n.2 — but otherwise not discussing Plaintiffs' claims against the Parkchester Entities)).  Accordingly, it was entirely proper for the Court to dismiss Plaintiffs' claims against the Parkchester Entities in their entirety on the ground that the claims were

4

"deemed abandoned." *Id.* at *2; *see Blouin ex rel. Estate of Pouliot v. Spitzer*, 356 F.3d 348, 363 n.9 (2d Cir. 2004) ("Although mentioning her other state-law claims . . . Blouin provides no argument concerning them.  Consequently, we consider them abandoned."); *Smith v. NYC Dep't of Educ.*, No. 09-CV-9256 (DLC), 2011 WL 5118797, at *6 n.8 (S.D.N.Y. Oct. 28, 2011) ("The BOE has requested summary judgment on the merits on each of Smith's claims . . . .  In opposition to the motion, Smith only argues against the dismissal of the First Amendment claim.  Smith has thereby abandoned the remainder of his claims" (citing *Blouin*, 356 F.3d at 363 n.9)), *aff'd*, 524 F. App'x 730 (2d Cir. 2013); *Di Giovanna v. Beth Israel Med. Ctr.*, 651 F. Supp. 2d 193, 208 (S.D.N.Y. 2009) (ruling that a plaintiff abandoned a claim because he "made no attempt to rebut defendants' motion for summary judgment on this point . . . .  Indeed his opposition papers do not even mention the claim.").

It is well established that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  Yet that is precisely what Plaintiffs seek to do here, having failed when given their first opportunity to defend the claims at issue against dismissal.  Accordingly, Plaintiffs' motion must be and is denied.

The Clerk of Court is directed to terminate Docket No. 66.

SO ORDERED.

Date: July 2, 2015
New York, New York

_____
JESSE M. FURMAN
United States District Judge