```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____               │
│ DATE FILED:  04/19/2016 ____         │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                        :

COURTNEY SIMON, et al.,               :

                               :

                    Plaintiffs,     :           14-CV-8391 (JMF)

                               :

             -v-             :    MEMORANDUM OPINION

                               :       AND ORDER

THE CITY OF NEW YORK, et al.,     :

                               :

                    Defendants.     :

                               :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On March 18, 2016, Plaintiffs filed a Motion To Amend their First Amended Complaint

("FAC").  (*See* Docket No. 132).  Specifically, Plaintiffs move to amend the FAC in four ways:

(1) to dismiss without prejudice the claims of Plaintiff Christian McKnight; (2) to dismiss all

claims against Defendants Gregory Kennedy, Virgilio Estrada, and Officer Johnson; (3) to add as

a defendant Lieutenant Jeremy Scheublin; and (4) to add various factual allegations and claims.

(*See* Pls.' Mem. Law Supp. Mot. Leave To File Sec. Am. Compl. (Docket No. 139) ("Pls.'

Mem.") 2; Partial Opp'n Pls.' Mot. To Amend On Behalf Defs. (Docket No. 146) ("Defs.'

Opp'n") 3-4).  Defendants consent to the first two types of amendment and oppose the latter two.

For the following reasons, Plaintiffs' motion is GRANTED in part and DENIED in part.

      Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the

opposing party's written consent or the court's leave.  The court should freely give leave when

justice so requires."  Fed. R. Civ. P. 15(a)(2).  Accordingly, "[t]he Second Circuit has held that a

Rule 15(a) motion should be denied only for such reasons as undue delay, bad faith, futility of

the amendment, and perhaps most important, the resulting prejudice to the opposing party."

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (per curiam) (internal quotation marks omitted).  The party opposing a motion to amend bears the burden of establishing that an amendment would be futile.  *Ouedraogo v. A-1 Int'l Courier Serv., Inc.*, No. 12-CV-5651 (AJN), 2013 WL 3466810, at *6 (S.D.N.Y. July 8, 2013).  An amendment is not "futile" if it could withstand a motion to dismiss under Rule 12(b)(6).  *See, e.g.*, *Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).  Thus, a court must accept the facts alleged by the party seeking amendment as true and construe them in the light most favorable to that party.  *Aetna*, 404 F.3d at 604.  A proposed claim or defense is futile if it does not "plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Significantly, because Plaintiffs move to amend the FAC after the deadline for doing so provided by the Court's scheduling order (*see* Docket Nos. 21, 79), they must also demonstrate "good cause" for the amendment.  Fed. R. Civ. P. 16(b)(4).  "'[G]ood cause' depends on the diligence of the moving party."  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).  Specifically, the moving party "must demonstrate that it has been diligent in its efforts to meet the Court's deadlines" and that, "despite its having exercised diligence, the applicable deadline could not have been reasonably met."  *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05-CV-3749 (KMW) (DF), 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009), *aff'd* 2009 WL 3467756 (S.D.N.Y. Oct. 28, 2009).  "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline."  *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (internal quotation marks omitted).  Finally, leave to amend "may properly be denied for . . . undue prejudice to the opposing party by virtue of allowance of the amendment."  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).

2

As noted, Defendants do not oppose the amendment to dismiss the claims of McKnight and the claims against Kennedy, Estrada, and Johnson.  (*See* Defs.' Opp'n 1).  Accordingly, the motion is GRANTED in those respects.  The Court defers ruling on Plaintiffs' proposed "condition" for the dismissal of McKnight's claims — namely, that "should Mr. McKnight's criminal case be resolved before the expiration of the statute of limitations permitting him to renew his singular case, any further discovery would be limited to defendants' rights to obtain discovery from Christian McKnight" — on the ground that it is not yet ripe.  (Pls.' Mem. 4).  The Court can and will address the issue if or when McKnight files a new claim.

By contrast, Defendants do oppose Plaintiffs' requests to add Scheublin as a defendant and to add additional claims and allegations.  Although the former presents a close question, the Court concludes that Plaintiffs may add claims against Schueblin.  Defendants did not disclose Scheublin's name as a potential witness until January 21, 2016 — after discovery had been proceeding for approximately six months.  (*See* Reply Mem. Supp. Mot. (Docket No. 148) ("Pls.' Reply") 2-3).  And although there is some merit to Defendants' argument that Plaintiffs could have and should have moved to add Scheublin sooner (*see* Defs.'Opp'n 3), it was not unreasonable for Plaintiffs to wait until after they were able to determine the nature and extent of his involvement through his deposition on March 3, 2016, and the photo array of officers' photos that was made available around the same time.  (*See* Pls.' Reply 3-4).  Further, adding Scheublin would not require further discovery.  (*See id.* at 3).  And although Defendants argue that the proposed claims would be futile (*see* Defs.' Opp'n 4-5), they rely in part on materials outside of the proposed complaint that the Court may not consider.  *See, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *Friedl v. City of N.Y.*, 210 F.3d 79, 83-84 (2d Cir. 2000).  Moreover, Plaintiffs' allegations — that Scheublin arrived shortly after Plaintiffs' arrest

3

and was responsible for making the decision to continue detaining them, transporting them to the police precinct, and charging them with possession of a dangerous weapon (*see* Decl. Supp. Mot. (Docket No. 138) ("Crupain Decl."), Ex. 1 ¶ 18; Pls.' Reply 7-9) — appear to be sufficient for purposes of Rule 12(b)(6).  *See, e.g.*, *Terebesi v. Torreso*, 764 F.3d 217, 233-34 (2d Cir. 2014) (holding that a "direct participant" in a constitutional violation can be held liable under § 1983, and "a 'direct participant' includes a person who authorizes, orders, or helps others to do the unlawful acts, even if he or she does not commit the acts personally"); *Jackson v. City of N.Y.*, 939 F. Supp. 2d 235, 258-59 (E.D.N.Y. 2013) (holding that the highest-ranking police officer could potentially be held liable for a failure to intervene in the face of post-arrest deprivations of constitutional rights).[1]  Thus, the motion to add Scheublin as a defendant is GRANTED.

By contrast, Plaintiffs fail to show good cause for their failure to move earlier to add additional claims and allegations.  Plaintiffs propose to add, for example, allegations that Creer was assaulted at the police precinct (Crupain Decl., Ex. 1, ¶ 26); a claim for excessive force on Creer's behalf (*id.* ¶¶ 54-56[2]); and a drastic expansion of the facts describing the arrest (*compare id.*, ¶¶ 11-25, *with* FAC ¶¶ 20-23).  But those allegations were known to Plaintiff since the incident — and certainly well before the deadline to amend their complaint.  In other words, Plaintiffs could have and should have moved long ago to add those claims and allegations (and could have done so even if they did not then know the identity of the particular officers involved).  Plaintiffs' only explanation for waiting until after the close of discovery to seek leave

---

[1]     In any event, given that discovery is done, Defendants can make any arguments they have with respect to the sufficiency of the allegations as to Scheublin in their motion for summary judgment.  In other words, their futility arguments are rejected without prejudice to renewal on summary judgment.

[2]     The numbering in Plaintiffs' proposed Second Amended Complaint repeats itself; this citation is to the allegations on pages 12-13.

to amend is that amending earlier would have been "piecemeal" and "wasteful of judicial time and judicial resources," but that does not rise to the level of good cause (particularly since Plaintiffs previously filed an amended complaint).  (*See* Pls.' Reply 4-5).  Plaintiffs also assert that Defendants would not suffer any prejudice from the proposed amendments, but Defendants were entitled to know the nature of the claims and Plaintiffs' allegations when taking discovery. In any event, the absence of prejudice is not, in itself, a basis to grant leave where, as here, Plaintiffs fail to show good cause.  *See, e.g.*, *In re Bank of N.Y. Mellon Corp. Forex Transactions Litig.*, No. 12-MD-2335 (LAK), 2014 WL 4494158, at *3 (S.D.N.Y. Sept. 4, 2014); *Perfect Pearl*, 889 F. Supp. 2d at 458-59.

Plaintiffs are directed to file a Second Amended Complaint that complies with this Memorandum Opinion and Order — in other words, one that only removes McKnight, Estrada, Johnson, and Kennedy, and adds Scheublin — along with a redline comparing it to the FAC, no later than **one week** from the date of this Memorandum Opinion and Order.  Per Docket No. 145, any motions for summary judgment must be filed **within thirty days** of this Memorandum Opinion and Order.  (If the parties believe that Scheublin's addition requires a modification of that deadline, they shall confer on a proposed modification and advise the Court immediately.)

The Clerk of Court is directed to terminate Docket No. 132.

SO ORDERED.

Dated: April 19, 2016
       New York, New York

JESSE M. FURMAN
United States District Judge