UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
COURTNEY SIMON, KEYSHAWN FRANÇOIS,
VINCENT PHINIZY, MARCUS CREER, and
JEFFREY BROWN,

                                       **14 CV 8391 (JMF)**

                Plaintiffs,

      -against-

EDWIN ESPINAL, RYAN GILLIS,                     **THIRD**
ERIC HEALY, and JEREMY SCHEUBLIN,        **AMENDED COMPLAINT**

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Plaintiffs Courtney Simon, Keyshawn François, Vincent Phinizy, Marcus Creer, and, Jeffrey Brown, by their counsel, Daniel Crupain, Esq., and Lumer & Neville, as and for their Complaint, hereby allege as follows, upon information and belief:

## PARTIES, JURISDICTION, and VENUE

       1.     The plaintiffs are each adult males who, at all relevant times herein, were residents of the State of New York.

       2.     At all times hereinafter mentioned, defendant Edwin Espinal was employed by the City of New York as a member of the NYPD, and is sued herein in his official and individual capacities.

       3.     At all times hereinafter mentioned, defendant Ryan Gillis was employed by the City of New York as a member of the NYPD, and is sued herein in his official and individual capacities.

       4.     At all times hereinafter mentioned, defendant Eric Healy was employed by the

City of New York as a member of the NYPD, and is sued herein in his official and individual capacities.

5. At all times hereinafter mentioned, defendant Jeremy Scheublin was employed by the City of New York as a member of the NYPD, and is sued herein in his official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

7. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), as the majority of the events underlying the plaintiffs' claims occurred within the district.

**RELEVANT FACTS**

8. On or about April 10, 2014, sometime at or about 9:28 pm, plaintiffs, and other civilians, were present on a public sidewalk on Saint Raymonds Avenue in Bronx County within the City of New York.

9. The plaintiffs were not engaged in any illegal activity or engaged in any conduct that could reasonably be believed to be unlawful or otherwise illegal.

10. At the aforesaid date and approximate time, various members of the NYPD, including the individual defendants, arrived at or in the vicinity of the location.

11. These officers, including the individual defendants, proceeded to stop, detain, seize, and search the civilians present at or in the vicinity of the location, including the five plaintiffs.

12. The individual defendants, including supervisory officers Scheublin and Gillis, who held the ranks of lieutenant and sergeant, respectively, inspected the scene, conferred with the other defendants, and, acting both individually and in concert with each other, arrested the plaintiffs or otherwise caused them to be arrested or approved or verified their arrests.

13. The individual defendants lacked any lawful basis to stop and detain the plaintiffs, much less to seize and arrest them, nor was there any reasonable basis to believe such cause existed.

14. The plaintiffs were transported to a local area station house, where their arrests were processed by or under the direction of the individual defendants.

15. The plaintiffs were searched while in defendants custody incident to their seizure and arrest. None of the plaintiffs were found to be in possession of any contraband of any sort.

16. The plaintiffs were eventually transported to Bronx County Central Booking, where they were incarcerated for a period of many more hours.

17. Defendants Espinal, Healy, and Gillis drafted arrest paperwork for each of the plaintiffs, or otherwise, in conjunction with the other individual defendants, caused the drafting of arrest paperwork, in which the defendants alleged, in part, that they recovered two handguns from somewhere in or around the public roadway in the vicinity of the plaintiffs

18. The defendants claimed in the arrest paperwork, which was then approved by

3

Gillis, the five plaintiffs, and others, "acted in concert" to possess the two handguns defendants claimed to have found.

19.  The defendants further claimed that the plaintiffs assembled in a public place for the purpose of engaging in the shared possession of the two handguns defendants claimed to have found.

20.  At no time did any of the defendants ever witness any of the plaintiffs in actual possession of these, or any other handguns.

21.  At no time did any of the defendants ever witness any of the plaintiffs engaging in any conduct that could reasonably be understood as evidence that any of the plaintiffs had any knowledge of the existence of these handguns.

22.  At no time did the defendants have any evidence to support any claim or belief that any of the plaintiffs ever actually or constructively possessed either handgun, or acted in concert with any other person with respect to the possession of either handgun.

23.  At no time did the defendants have any evidence to support any claim or belief that any of the plaintiffs ever engaged in any actions or conduct that could reasonably be understood to permit their arrest for unlawful assembly, or any other crime or offense.

24.  While plaintiffs were still under arrest and in defendants' custody, the defendants forwarded, or caused to be forwarded, the arrest paperwork to the Bronx District Attorney's Office ("BXDA") in an effort to persuade the BXDA to initiate the plaintiffs' prosecution.

25.  The BXDA noted that the defendants had not adduced any evidence linking

either of the alleged handguns to any particular person, much less any of the plaintiffs, or to the persons defendants arrested collectively.

26.     The BXDA further noted that there was no forensic evidence connecting any particular person, much less any of the of the plaintiffs, to either of the alleged handguns.

27.     The BXDA concluded that it lacked sufficient evidence to proceed against the plaintiffs and the plaintiffs were subsequently released from custody.

28.     None of the plaintiffs were ever criminally charged with respect to their arrests by the defendants or with respect to the alleged handguns.

29.     At all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

30.     To the extent that any one of the individual defendants did not personally engage in any specific acts alleged herein, that defendant was aware that these acts were occurring or would occur, and personally or constructively participated through his acts of omission and commission.

## FIRST CAUSE OF ACTION
### (False Arrest)

31.     Plaintiffs repeat the allegations contained in the preceding paragraphs as though stated fully herein.

32.     The individual defendants willfully and intentionally seized and arrested each of the plaintiffs without a warrant and without probable cause, and without any reasonable

basis to believe that probable cause existed for their arrest.

33. Each of the individual defendants actively participated in the above misconduct or were otherwise aware that it was occurring or would otherwise occur, but chose not to take reasonable steps to protect the plaintiffs from the unconstitutional conduct of his or her fellow officers and supervisors, despite ample opportunity to do so.

34. By so doing, the individual defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, and thereby violated plaintiffs' rights under the Fourth Amendment of the United States Constitution.

35. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer assorted injuries, including, but not limited to, emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

**[Remainder of Page Intentionally Blank]**

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

    i.    actual and punitive damages against the individual defendants in an amount to be determined at trial;

    ii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iii.    such other relief as the Court deems just and proper.

Dated:  New York, New York
           May 1, 2017

DANIEL CRUPAIN, ESQ.
Attorney for Plaintiffs
225 Broadway, Suite 2700
New York, NY 10007
(212) 529-4000

s/
_____
By: Daniel Crupain

LUMER & NEVILLE
Attorneys for Plaintiffs
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

s/
_____
By: Michael Lumer